KENT S. ROBINSON
Acting United States Attorney
District of Oregon
Mark O. Hatfield U.S. Courthouse
1000 S.W. 3rd Avenue, Suite 600
Portland, OR 97204-2902

ALEXIS V. ANDREWS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6432

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF OREGON

| | |
|---|---|
| D.N.,[1] <br><br> Plaintiff, <br><br> v. <br><br> United States of America, <br><br> Defendant. | Civil No. 09-6180-AA <br><br> REPLY IN SUPPORT OF UNITED STATES' MOTION TO DISMISS AND ALTERNATIVE MOTION FOR SUMMARY JUDGMENT AND RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

The United States of America ("United States"), by and through its undersigned counsel, hereby submits this Reply in Support of its Motion Dismiss and Alternative Motion for Summary Judgment and Response in Opposition to Plaintiff's Motion for

---

[1] Pursuant to Local Rule 5.5(a)(2), Plaintiff is herein referred to by his initials.

REPLY IN SUPPORT OF UNITED STATES'
MOTION TO DISMISS AND RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT

- 1 -

Summary Judgment[2] as follows:

**Argument**

Both the United States and Plaintiff agree that the facts in this case are not at issue, but are clearly established. The only issue is the legal result of those facts.

As discussed in the United States' Motion, Plaintiff D.N. claims that his mother, Liysa Northon, was the actual distributee under his father's pension plan and that he is simply the ultimate recipient. The parties agree that the distributions themselves are taxable—the issue is whether Plaintiff D.N. is the distributee responsible for those taxes. Plaintiff D.N. argues that he is not. As discussed below, this argument is premised on the idea that Ms. Northon, the original beneficiary, was entitled to receive the distributions until her classification as a "slayer" under Oregon law, and that she realized the benefit of those distributions by bargaining her rights away in exchange for a reduced conviction and lesser sentence.

As discussed in the United States' Motion, "[a] final judgment of conviction of felonious and intentional killing" conclusively establishes slayer status under Oregon law. O.R.S. 112.455. The pension and 401(k) benefits were required to be distributed as if Ms. Northon pre-deceased Mr. Northon—his death is the pivot-point; not the date of her classification. If Ms. Northon is treated, from a legal viewpoint, as having pre-deceased her husband, it is legally impossible for her to be the distributee.

---

[2] Plaintiff has filed a Response in Opposition to the United States' Motion to Dismiss and Alternative Motion for Summary Judgment and a separate Motion for Summary Judgment, but consolidates its arguments for both Motions in a single Memorandum. (Doc. No. 18-2). The United States has thus likewise consolidated its Reply and Response.

REPLY IN SUPPORT OF UNITED STATES' MOTION TO DISMISS AND RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

- 2 -

Plaintiff D.N. claims that the funds at issue in this case—Mr. Northon's pension benefits—are handled differently than other funds because O.R.S. § 112.515 does not include the "predeceased" language found in O.R.S. 112.465.  However, the absence of this language in no way implies that slayers are somehow permitted to retain the benefit of pension funds obtained as a result of their crimes.  Rather, the property discussed in O.R.S. 112.465 is a different category—that which passes through probate court. There is no reason to believe that the legislature intended to allow slayers the benefits of life insurance or pension funds obtained as a result of their actions.  Indeed, the entire statutory framework evinces a clear intent to prevent slayers from benefiting financially from the death of the decedent.  See O.R.S. § 112.455 through O.R.S. § 112.555.

Plaintiff argues that Liysa Northon did, in fact, benefit from Chris Northon's death—she was able to use her layer status as a bargaining chip at the settlement table. This argument is based on statements made by the prosecuting attorney in her criminal case, stating that the "slayer" classification was "part of the consideration" for Liysa Northon's guilty plea. While that attorney may have been motivated by a desire to prevent Ms. Northon from benefiting from her crime, these statements cannot override clear statutory law.

The policy implications of Plaintiff D.N. argument are unsettling.  It is well-established that many criminal cases are resolved by plea agreements.  Some of those cases involve death and the potential benefit to a defendant as a result of that death.  In those cases, there is a strong motivation to prevent the defendant—the killer—from

REPLY IN SUPPORT OF UNITED STATES' MOTION TO DISMISS AND RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

- 3 -

realizing those benefits. This is the very purpose for having a slayer rule in the first place. "The rationale for the slayer rule is the prevention of unjust enrichment, in accord with the maxim that a wrongdoer cannot profit from his or her wrong. Any enrichment accruing to a slayer from the wrong is unjust and is not allowed." Rest. 3d Property, comment (b). Under Plaintiff D.N.'s argument, where a prosecutor wished to prevent such unjust enrichment, funds such as life insurance and pension plans would pass unfettered into the hands of the killers. For, under Plaintiff D.N.'s argument, it is Liysa Northon's decision to relinquish the funds that allows those funds to pass to Plaintiff D.N.—not the statute that prohibits her from ever having them in the first place. This is contrary to the statute and to the policy the statute was created to execute.

Plaintiff D.N. relies heavily on <u>Darby v. Comm'r</u>, 97 T.C. 51 (1991) for its claim that Plaintiff D.N., though the recipient of the funds, was not the actual distributee. However, the mere fact that sometimes the distributee is someone other than the recipient—as in <u>Darby</u>—in no way establishes that Liysa Northon, not Plaintiff D.N., was the distributee in this case. Here, unlike <u>Darby</u>, there is no other possible distributee. Liysa Northon is categorically ineligible to be the distributee under Oregon law. Plaintiff D.N.'s interpretation would therefore result in distributions without a distributee—and thus without tax.

Once Liysa Northon was classified as the slayer of Christopher Northon, she had no property rights with which to bargain; under the law, she is treated as if she never had

REPLY IN SUPPORT OF UNITED STATES' MOTION TO DISMISS AND RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

- 4 -

them.  Plaintiff D.N.'s argument would circumvent the entire purpose of the slayer rule. It would allow her to reap the benefit of her crime.

### Conclusion

For the foregoing reasons, the United States respectfully requests that this Court dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, grant summary judgment in favor of the United States, and that this Court grant any other relief to which it may be entitled.

DATED this 26th day of October, 2009.

        KENT S. ROBINSON
        Acting United States Attorney
        District of Oregon
        Mark O. Hatfield U.S. Courthouse
        1000 S.W. 3rd Avenue, Suite 600
        Portland, OR 97204-2902

By:   /s/ Alexis V. Andrews
       ALEXIS V. ANDREWS
       U.S. Department of Justice
       P.O. Box 683
       Ben Franklin Station
       Washington, D.C. 20044

       Attorneys for the United States

# CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing REPLY IN SUPPORT OF UNITED STATES' MOTION TO DISMISS AND ALTERNATIVE MOTION FOR SUMMARY JUDGMENT AND RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT has been made this 26th day of October, 2009, by placing copies in the United States Mail addressed to the following:

> Chris Hatfield
> Hurley Re, PC
> 747 SW Mill View Way
> Bend, Oregon 97702
> *Attorney for Plaintiff*

> /s/ Alexis V. Andrews
> ALEXIS V. ANDREWS
> Trial Attorney, Tax Division
> U.S. Department of Justice
> Ben Franklin Station
> P.O. Box 683
> Washington, D.C. 20044
> Telephone: (202) 307-6432
> Facsimile: (202) 307-0054
> Email: Alexis.V.Andrews@usdoj.gov