Chris Hatfield, OSB #872426
cdhatfield@hurley-re.com
Hurley Re, PC
747 SW Mill View Way
Bend, OR 97702
Ph. (541) 317-5505
Fax (541) 317-5507
Attorney for Plaintiff D.N.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| D.N., | Civil No. 09-6180-AA |
| Plaintiff | |
| v. | REPLY IN SUPPORT OF PLAINTIFF D.N.'S MOTION FOR SUMMARY JUDGMENT |
| United States of America, | |
| Defendant | |

Plaintiff D.N., by and through undersigned counsel, hereby submits this Reply in support of Plaintiff D.N.'s Motion for Summary Judgment as follows:

**Argument**

The United States argues that under ORS 112.465 because Ms. Northon pled guilty to manslaughter in the first degree on July 1, 2001, and was therefore a "slayer" as defined by ORS 112.455(2)(2001), she is treated as predeceasing Mr. Northon, and that as a result the payment under Mr. Northon's pension plan cannot be income to Ms. Northon. As in effect in 2001, ORS 112.465 (2001) provided as follows:

**PAGE 1 – REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

> Property that would have passed from the decedent or the estate of the decedent to the slayer *by intestate succession, by will or by trust* shall pass and be vested as if the slayer or abuser had predeceased the decedent. [emphasis added]

Plaintiff responded noting that the subject property does not pass "by intestate succession, by will or by trust", and instead passed by beneficiary designation. The passing of the subject property is controlled by ORS 112.515, not ORS 112.465. As in effect in 2001, ORS 112.515 provides as follows:

> Proceeds payable to or for the benefit of the slayer as beneficiary or assignee of the decedent of the following interests shall be paid to the secondary beneficiary, or if there is no secondary beneficiary, to the personal representative of the decedent's estate:
>
> \*       \*       \*       \*
>
> (4)   Proceeds under any pension, profit-sharing or other plan.

The Oregon statute controlling the distribution of the plan benefits does not include the predecease language the United States originally relied upon. The United States now suggests that despite the difference in the language between ORS 112.465 (2001) and ORS 112.515 (2001) should be ignored because "the absence of [the "predeceased"] language in no way implies that slayers are somehow permitted to retain the benefits of pension funds obtained as a result of their crimes." The fact that the legislature used different language suggests that the difference was intended. ORS 174.010[1]; see also *Swarens v. Department of Revenue,* 320 Or 326 P2d 852 (1994). There is no support for the United States' position that Ms. Northon is treated as predeceasing Mr. Northon, or that the determination of Ms. Northon as a slayer should be given retroactive effect.

---

[1] ORS 174.010 provides as follows: In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all.

**PAGE 2 – REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

The United States tries to paint Plaintiff as arguing that Ms. Northon should or could retain the plan benefits. That is not true. What Ms. Northon did retain was the benefit of the bargain she received by using the plan proceeds as consideration for a plea bargain that resulted in a significantly shorter sentence that what could have been imposed if she had been convicted of the original charge. Having received the benefit of the bargain, Ms. Northon should not be allowed to escape the taxation of plan benefits she used for her own benefit.

The United States policy argument suggests that Plaintiff's position would result in some benefit to Ms. Northon or other slayers. Ms. Northon did receive a benefit from the plan by using it as partial consideration for a plea bargain. That benefit resulted from the negotiations entered into between Ms. Northon and the prosecutor. That is not a benefit that Plaintiff created or had any control over. The United States' argument would give Ms. Northon a further benefit by not requiring her to take the plan benefits she used into income, and instead allow Ms. Northon to assign the tax obligation to Plaintiff.

Finally, the United States has not distinguished *Darby*. The United States argues that Ms. Northon is categorically ineligible to be the distributee under Oregon law, but she became ineligible to receive the plan benefits only as a result of a plea bargain obtained using the plan benefits as partial consideration. Under *Darby,* Ms. Northon was eligible to be a distributee because she was a named beneficiary. Furthermore, Plaintiff's actual receipt of the benefits does not make the recipient a distributee required to take the plan benefits into income. Plaintiff's position is consistent with longstanding rule that taxation of income does not require reduction to possession. *Harrison v. Schaffner*, 312 U.S. 579 (1941);

**PAGE 3 – REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

*Helvering v. Horst*, 311 U.S. 112 (1940); *Lucas v. Earl*, 281 U.S. 111 (1930). Plaintiff's position also accounts for Ms. Northon's use of the plan benefits to secure a plea bargain.

### Conclusion

D.N. requests that Defendant's Motion to Dismiss, and alternative Motion for Summary Judgment be denied. D.N. further requests that D.N.'s Motion for Summary Judgment be granted.

Dated this 12th day of November, 2009.

/s/ Chris Hatfield
CHRIS HATFIELD, OSB #872426
(541) 317-5505
Attorney for D.N.

**PAGE 4 – REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**CERTIFICATE OF SERVICE**

It is hereby certified that service of the foregoing **REPLY IN SUPPORT OF PLAINTIFF D.N.'S MOTION FOR SUMMARY JUDGMENT** has been made this 12th day of November, 2009, by placing copies in the United States Mail addressed to the following:

    Kent S. Robinson
    Acting United States Attorney
    District of Oregon
    Mark O. Hatfield U.S. Courthouse
    1000 S.W. 3rd Avenue, Suite 600
    Portland, OR 97204-2902
    *Attorney for the United States of America*

    Alexis V. Andrews
    Trial Attorney, Tax Division
    U.S. Department of Justice
    P.O. Box 683
    Ben Franklin Station
    Washington, D.C. 20044-0683
    *Attorney for the United States of America*

    /s/ Chris Hatfield
    CHRIS HATFIELD
    Attorney for Plaintiff D.N.
    Hurley Re, P.C.
    747 SW Mill View Way
    Bend, OR 97702
    Telephone: (541) 317-5505
    Facsimile: (541) 317-5507
    Email: cdhatfield@hurley-re.com