IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

D.N.,                                              Civ. No. 09-6180-AA

    Plaintiff,                                OPINION AND ORDER

v.

UNITED STATES OF AMERICA,

    Defendant.

---

Chris Hatfield
Hurley Re, PC
747 S.W. Mill View Way
Bend, Oregon 97702
    Attorney for plaintiff

Kent S. Robinson
Acting United States Attorney
Mark O. Hatfield U.S. Courthouse
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

Alexis V. Andrews
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
    Attorneys for defendant

1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff, D.N., brings this action to recover federal income tax and interest he alleges was erroneously assessed and collected for the taxable year ending December 31, 2002. This court has jurisdiction under 28 U.S.C. § 1346(a)(1). For the reasons given below, defendant's motion for summary judgment is granted, and plaintiff's motion for summary judgment is denied.

## I. Factual Background

Plaintiff's father, Christopher Northon, deceased, was a participant in the Hawaiian Airlines, Inc. 401(k) Plan for Pilots (401(k) Plan). The 401(k) Plan included a survivor's benefit. Christopher Northon named Liysa Northon, his wife, as the sole beneficiary and plaintiff, D.N., as the alternative or secondary beneficiary.

On October 11, 2000, Liysa Northon was charged with the murder of Christopher Northon. After extensive negotiations, on July 17, 2001, she pled guilty to a lesser charge of manslaughter in the first degree, committed with intent. The effect of pleading guilty to this specific charge designated Liysa Northon as a "slayer" under Oregon law, Or. Rev. Stat. § 112.455(3) (2001). This "slayer" classification "prevent[ed] [her] from receiving any financial benefit as the heir and beneficiary of Christopher James Northon, . . . and it was part of the consideration for accepting [her] guilty plea to the lesser charge of manslaughter in the first degree." Ously Aff. Ex. 1. On August 24, 2001, an order entered

2 - OPINION AND ORDER

in the Deschutes County Circuit Court deemed Liysa Northon a "slayer" under Or. Rev. Stat. §§ 112.455 to 112.555, rendering those provisions applicable to the distribution of all property interests owned by Christopher Northon and Liysa Northon.

The designation of "slayer" precluded Liysa Northon from receiving the 401(k) Plan survivor benefits. Instead, pursuant to Or. Rev. Stat. § 515(4), the 401(k) Plan survivor benefits were distributed to plaintiff, the named secondary beneficiary. He subsequently paid federal income tax for receipt of those benefits.

On February 21, 2006, plaintiff filed an amended federal Individual Income Tax Return with the Internal Revenue Service for a refund of taxes paid on the 401(k) Plan benefits in the amount of $34,885.00, with interest.

On January 4, 2008, the Internal Revenue Service refused the refund on grounds that "[t]he payments . . . [he] received as a beneficiary [were] includable income." Hatfield Aff. Ex. 2.

On June 26, 2009, plaintiff filed suit in this court.

On September 21, 2009, defendant filed a motion to dismiss or in the alternative, a motion for summary judgment. In response, plaintiff filed a motion for summary judgment on October 13, 2009 and opposed defendant's motion. Given that resolution of these motions arguably requires consideration of evidence beyond the pleadings, I construe defendant's motion as one for summary judgment.

## II. Standard

Summary judgment is appropriate "if the pleadings, the

3 - OPINION AND ORDER

discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The materiality of a fact is determined by the substantive law on the issue. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). The authenticity of a dispute is determined by whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply to evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Elec., 809 F.2d at 630.

### III. Discussion

Under 26 U.S.C. § 402(a)(1), "any amount actually distributed to any distributee by any employees' trust described in section 401(a) which is exempt from tax . . . shall be taxable to the

4 - OPINION AND ORDER

distributee, in the taxable year of the distributee in which distributed . . . ." A "distributee" means a "participant" or "beneficiary" of the plan and not necessarily the "recipient" or "owner" of the benefits. Darby v. Comm'r, 97 T.C. 51, 64-66 (1991).

In Darby, the husband argued that he should not be taxed for plan benefits distributed to his ex-wife following a divorce decree that assigned his interest in the plan benefits to his ex-wife. Id. at 56. The court disagreed and held that the husband was the sole distributee, reasoning that he had received his interest in the profit-sharing plan and then transferred the benefits to his ex-wife as her share of the marital estate. Id. at 67. Accordingly, the husband as the participant in the profit-sharing plan was held to be the "distributee," and not the ex-wife, who was merely the ultimate recipient. Id.

Relying on Darby, plaintiff argues that he was merely the ultimate recipient of the 401(k) Plan benefits and not the distributee. Following Liysa Northon's designation as a "slayer," plaintiff admits that he received the 401(k) Plan benefits under Or. Rev. Stat. § 112.515(4).[1] However, he contends that his interest in the benefits did not vest until Liysa Northon pled

---

[1] Under Or. Rev. Stat. § 112.515(4) (2001), proceeds under any pension, profit-sharing or other plan "payable to or for the benefit of the slayer as beneficiary or assignee of the decedent of the following interests shall be paid to the secondary beneficiary, or if there is no secondary beneficiary, to the personal representative of the decedent's estate."

5 - OPINION AND ORDER

guilty or was convicted of charges designating her as a slayer. Plaintiff argues that because Liysa Northon realized the "benefit" of the 401(k) Plan prior to her plea by offering her rights to the benefits as partial consideration for her plea bargain, she should be taxed as the distributee.

I find this case distinguishable from Darby. Unlike the husband in Darby, Liysa Northon was not eligible to receive the 401(k) Plan benefits and could not and did not transfer or assign her interests to plaintiff. While the record indicates that Liysa Northon may have utilized her status as the primary beneficiary of the 401(k) Plan as a bargaining tool to obtain a more favorable plea agreement, she did not receive the benefit of the 401(k) Plan distribution. In fact, she pled guilty to an offense that statutorily precluded her rights to the 401(k) Plan benefits. Pursuant to Or. Rev. Stat. § 112.515(4), the 401(k) Plan benefits were paid to the plaintiff as the second beneficiary. Plaintiff thus constitutes the "distributee" of the 401(k) Plan survivor benefits, and he was properly taxed under 26 U.S.C. § 402(a)(1).

///
///
///
///
///
///
///
///

6 - OPINION AND ORDER

### IV. Conclusion

For the reasons set forth above, defendant's motion for summary judgment (doc. 3) is GRANTED, plaintiff's motion for summary judgment (doc. 18) is DENIED, and this case is dismissed. IT IS SO ORDERED.

Dated this __8__ day of December, 2009.

```
                    /s/ Ann Aiken
                    _____
                         Ann Aiken
                Chief United States District Judge
```

7 - OPINION AND ORDER